"Washburn, J.
(orally).
Decision on motion to jurisdiction of court.
As shown by the papers in the case, the above plaintiff brought an action against the defendant on March 2, 1907, before a justice of the peace of this county, claiming that the defendant owed him $279.80 upon a certain promissory note. The defendant being a non-resident of this county, but a resident of- Cuyahoga county, the plaintiff filed an- affidavit for attachment before the justice of the peace, in which the only ground for attachment stated was, that the defendant was a non-resident of Lorain county.
The justice issued the summons and order of attachment, which was returned by the constable, with the indorsement that the defendant was not found in the county, and that the defendant had no goods or chattels in the county upon which to levy; but that he had an interest in certain re'al estate in the county.
Thereupon the justice certified the ease to this court, and the transcript of his proceedings was filed in this court on March 6, 1907.
On March 7, 1907, when nothing had been filed in this court except such transcript, the plaintiff filed a precipe and caused an order of attachment to issue, by virtue of which the sheriff attached the real estate of the defendant in this county.
On March 15, 1907, the original papers in the case before the justice of the peace were filed in this court, and on the same day the plaintiff filed his petition against the defendant, in which he seeks to recover said sum of $279.80' upon said promissory note.
*157 No affidavit for attachment was filed in this court, except the affidavit which was filed before the .justice of the peace, and that was not filed in this court until after^ an attachment was issued and returned in this court.
On March 15, 1907, the plaintiff caused a summons to issue from this court to the sheriff of Cuyahoga county, which was duly served upon the defendant in that county.
On March 29, 1907, the defendant filed the following motion:
“Now comes the defendant, Frank A. Anselm, not intending to in any manner enter his appearance herein, but for the sole purpose of protesting and objecting to the jurisdiction of this court over this defendant. He therefore moves the court to quash the summons issued herein and to dismiss the action against this defendant for want of jurisdiction of his person.”
' And the case has been submitted to the court upon said motion.' The plaintiff seeks to maintain this action under the provisions of Section 6514 of the Revised Statutes, notwithstanding the fact that had the action been brought in this court originally, no attachment could have been issued upon the ground that the defendant was a non-resident of the county. Said section after providing that in a case whore an. order of attachment has been issued by a justice of the peace, and it appears by the return of the officer that the defendant has no personal property in the county, but is the owner of real estate situated in the county, the justice is required to certify his proceedings to the court of common pleas, “and the action shall be proceeded1 with in. all respects as if the same had originated therein, 'except that in all actions under this section, for any sum of which justices of the peace have oxchiswe original jurisdiction, if the defendant be a non-reáident of the county, such non-residence shall be a ground of attachment in the court of common pleas.”
It seems quite clear to me that the Legislature did not intend by this section, to make non-residence of the county a ground of attachment in the common pleas court, except in cases which come within the exclusive original jurisdiction of the justice of the peace, and which are certified to the common pleas court *158 under Section 6514. This not being such a case, the issuing of the order of attachment on the ground stated in the affidavit in this case was clearly unauthorized.
Then again, said statute provides that when the case has been' certified to the common pleas court, it shall be proceeded with in all respects as if the same had originated in- the common pleas court. And if it had originated in the common pleas court, it would have been necessary to have filed an affidavit in attachment; and no affidavit having been filed in the common pleas court, the attachment was a nullity for that reason.
The plaintiff, however, claims that even if the attachment was not proper, still the case should not be dismissed, and asks the court for permission to file an affidavit in attachment, setting forth other grounds than that of non-residence of the county.
That request will have to be denied, for the reason that no jurisdiction over the person or real property of the defendant can be ’acquired by attachment proceedings in this court, on the cause of action stated in the petition.
Under the statutes of Ohio, certain actions must be brought in the county where the subject of the action is situated.
Section 5019. This section refers to the recovery or partition of real estate, or the sale of the same “under a mortgage, lien or other encumbrance or charge.”
Then it is provided that certain actions must be brought in the county where the cause of action or some part thereof arose. Section 5022.
But an action on a promissory note is not included in those enumerated in this section.
An action other than those thus provided for, against a nonresident of the state, may be brought in any county where such non-resident is found or has property. Section 5027.
Every other action must be brought in the county in which the defendant resides or may be summoned, except actions against executors, etc. Section 5028.
When the actiori is rightly brought in any county, according to the foregoing provisions, a summons may bo issued to any *159 other county against one or more of the defendants. Section 5035.
The summons in this case which was issued to and served by the sheriff of Cuyahoga county, was of no effect for the reason that the action was not rightly brought in this county under the sections of the statutes referred to in Section 5035.
The defendant being a resident of Ohio and not a resident of Lorain county, no jurisdiction of his person or of his real estate in this county can be acquired by an attachment issued from the common pleas court of this county, upon the cause of action set forth in the petition in this case. The statute plainly provides that he must be sued in such an action in the county where he resides or may be summoned.
While I find no reported case which directly decides the question under consideration, my attention has been called to a case which was not reported, decided by our circuit court some years ago, in which this was the only question involved and decided. That is case No. 363 of the Circuit Court of Lorain County.
That was a case brought in the common pleas court of this county upon a promissory note, against a defendant who owned real estate in this county, but who lived in Stark county. An affidavit of attachment was filed, which set forth that the defendant was about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors, and that the defendant was about to dispose of his property or a part thereof with intent to defraud his creditors.
A writ of attachment was issued and levied upon the real estate of the defendant in this county, and a summons was issued to the sheriff of Stark county and served upon the defendant in that county. The defendant filed a motion very similar to the one in the case at bar, in which he asked the court to dismiss the action, for the reason that the court had no jurisdiction of his person, and because he was a resident of another county in Ohio.
The common pleas court overruled said motion, and thereafter rendered a default judgment against the defendant, and *160 ordered Ms real estate sold to satisfy the judgment. The defendant prosecuted error, and the circuit court reversed the case upon the sole ground that “the court of common pleas erred in overruling the motion of plaintiff in error to dismiss the said action against him.”
George II. Chamberlain, for plaintiff.
D. J. Nye, for defendant.
That case is directly in point, and being by our circuit court, is binding upon this court. The motion of the defendant in this case is therefore granted, and the case is dismissed at the costs of the plaintiff.
It has been suggested that the defendant has entered his appearance to this action by filing his motion asldng the court to dismiss the action, but that suggestion was also made in the circuit court case I have referred to, where the motion was very much like the motion in this case, and was filed under somewhat similar circumstances.
The court was not asked to pass upon the sufficiency of the petition, as- was done in the case reported in 37 O. S., 366, nor was the court asked to dismiss the case on the ground that the court had no jurisdiction over the subject matter of the action, as was done in the case reported in the 43 O. S., 171; but the motion filed by the defendant in this case Avas filed for the sole purpose of objecting to the jurisdiction o£ the court over the person of the defendant, and the filing of such a motion does not constitute an entry of appearance. 39 O. S., 249.